UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMMANUEL SANTIAGO,

                Plaintiff,

                                                                         **Hon. Hugh B. Scott**

                v.                                             11CV204(HBS)

                                                                       (CONSENT)

C.O. CULLY, et al.,                                            **Order**

                Defendants.
_____

        Before the Court is the defense motion to dismiss for failure to prosecute (Docket No. 33) pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff, proceeding pro se, was an inmate when he commenced this action and was subsequently released. His response to this motion was due by April 25, 2012 (Docket No. 37), but plaintiff did not respond to this motion. The parties consented to proceed before the undersigned on July 5, 2011 (Docket No. 8).

BACKGROUND

        This is a civil rights action commenced by plaintiff for alleged violations of his rights under the Eighth Amendment while he was in the custody of New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") (see Docket No. 1, Compl.; see also Docket No. 35, Defs. Memo. at 1). He alleges that defendant corrections officers assaulted him on November 9, 2012, and then medical staff declined to treat his injuries (Docket No. 1, Compl., at 5-6 (First and Second Claims); see Docket No. 34, Defs. Atty. Decl. ¶ 5).

        Plaintiff successfully moved for in forma pauperis status (Docket Nos. 2 (Motion), 6 (Order, granting in forma pauperis status but denying motion for appointment of counsel)) and

defendants answered (Docket No. 7).  After the parties consented to proceed before the undersigned (Docket No. 8), this Court entered a Scheduling Order (Docket No. 9), denied renewed application for appointment of counsel (Docket Nos. 12, 19; see also Docket Nos. 11, 15 (applications)), and, on plaintiff's motions (Docket Nos. 13, 14, 17) extended the scheduling Order (Docket Nos. 18, 19).  Plaintiff up to this time was in DOCCS custody, but defendants noted his deposition sending it to an address in the Bronx, New York, and this notice was filed on February 17, 2012 (see Docket No. 30).  Defense counsel reported to this Court on January 13, 2012, that plaintiff had been released from DOCCS custody and provided his new address in the Bronx (Docket No. 34, Defs. Atty. Decl. ¶ 11, Ex. A).

This Court rescheduled (cf. Docket Nos. 9, 18, 26, 27; but cf. Docket No. 28 (canceling Jan. 31, 2012, status conference)) a status conference for March 21, 2012 (Docket No. 31).  One of the earlier notices warned Plaintiff that if he failed to respond, his action would be dismissed (Docket No. 27), see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001), with this notice sent to plaintiff's address in the Bronx.  Plaintiff, however, did not appear at the March 21 conference (Docket No. 32; see Docket No. 34, Defs. Atty. Decl. ¶¶ 20-21).  The Scheduling Order deadlines were then held in abeyance and defendants indicated their intention to file a motion (id.).  The next day, defendants filed the pending motion to dismiss (Docket No. 33[1]).

Defendants argue that this Court may dismiss this action for failure to prosecute under Rule 41(b) and this Court's Local Civil Rule 41(b) (dismissal by the Court for inaction in a case for more than six months) (Docket No. 35, Defs. Memo. at 3-4).  Plaintiff had not responded to

---

[1]In support of this motion, defendants submit their attorney's declaration with exhibits, Docket No. 34; their Memorandum of Law, Docket No. 35; and certificate of service upon plaintiff at his address in the Bronx, Docket No. 36.

defense correspondence including the notice of deposition (id. at 4; Docket No. 34, Defs. Atty. Decl. ¶¶ 15-17, 18, Ex. B). They argue that the sanction of dismissal is appropriate here (Docket No. 35, Defs. Memo. at 4-7, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)).

Again, plaintiff has not responded to this motion, or to any correspondence sent by this Court. Plaintiff's mail from the Court has not been noted returned by the United States Postal Service and defense counsel states that her letters to plaintiff were not returned as undeliverable (Docket No. 34, Defs. Atty. Decl. ¶ 22). The last recorded contact from plaintiff was his motion for extension of time for discovery, filed on October 14, 2011 (Docket No. 17), prior to his release.

DISCUSSION

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of action where "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits," Fed. R. Civ. P. 41(b). Despite the language of Rule 41(b) providing for dismissal upon a defense motion, the Court has the inherent power to sua sponte dismiss cases to clear its calendar of dormant actions "because of inaction or dilatoriness of the parties seeking relief," Link v. Wabash R.R., 370 U.S. 626, 630 (1962); see United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004); Saylor v. Bastedo, 623 F.2d 230, 238 (2d Cir. 1980) (Friendly, J.) (rejecting dismissal where held notice to parties of court's intention to dismiss was

insufficient). Dismissal of an action is the harshest sanction the Court can impose, Drake, supra, 375 F.3d at 251.

The Second Circuit has listed several factors that must be considered before dismissal of an action for failure to prosecute, see Thomson v. Herbert, No. 98CV831, Docket No. 71, 2008 U.S. Dist. LEXIS 63801, at *8-9 (W.D.N.Y. Aug. 18, 2008) (Foschio, Mag. J.) (in case where pro se plaintiff was appointed counsel, citing Drake, supra, 375 F.3d at 255 (applicable to pro se actions), in support of its dismissal for failure to prosecute). First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177(2d Cir. 2008) (per curiam)); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (pro se case); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). No one factor is determinative and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

Defendants argue the sanction of dismissal is appropriate, citing the NHL v. Metropolitan Hockey Club, supra, 427 U.S. at 643, case (see Docket No. 35, Defs. Memo. at 4-7). But this is a discovery sanction case, cited no doubt due to plaintiff responding to the deposition notice. The factors cited by defendants (id.) overlap many of the factors cited by the Second Circuit for dismissal for failure to prosecute generally (namely, the effectiveness of lesser sanction than

dismissal, duration of the delay, notice to plaintiff, prejudice to defendants for continuing the case, and balancing the interests of this Court and plaintiff).

As for the duration of plaintiff's failure to comply with this Court's Order, plaintiff failed to appear at the rescheduled status conference on March 21, 2012. This Court had not heard from plaintiff since his release from state custody, the last filing on October 14, 2011 (Docket No. 17; see Docket No. 35, Defs. Memo. at 6 (noting five-month lapse since plaintiff's last substantive action in this case)), or contact with defense counsel on November 25, 2011, when he wrote to defense counsel reporting his release and new address (Docket No. 38, letter[2] of Assistant Attorney General Darren Longo to Chambers, Jan. 13, 2012, with exhibit, letter of plaintiff to Longo, Nov. 25, 2011, filed by this Court). Although this is a relatively brief period, see also Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four-month delay) (Docket No. 35, Defs. Memo. at 6), given plaintiff's release from state custody, his inaction may indicate that he no longer desires to pursue this action. This is in contrast with plaintiff's activity, prior to his release, where he wrote or filed requests with this Court (e.g., Docket Nos. 13, 14, 17).

As for plaintiff's notice, he was warned in a notice for a status conference that he was expected to appear or otherwise contact this Court or else risk dismissal of this action, with an attached Irby notice (Docket No. 27), see Irby, supra, 262 F.3d 412. There is no indication that plaintiff did not receive the notice as there is no indication that plaintiff's mail has been deemed undeliverable to the address he gave to defense counsel and that both defense counsel and this Court used to contact him.

---

[2]This letter, without the attached exhibit, is the same as Docket No. 34, Ex. A.

5

As for defense prejudice in continuing this action while plaintiff has not responded, defendants argue that prejudice from unreasonable delay is presumed (Docket No. 35, Defs. Memo. at 6, quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)) and that the passage of time risks the fading of memories (id. at 7, citing Georgiadis, supra, 167 F.R.D. at 25). Defense counsel had to write to plaintiff because she was not aware of his telephone number (see Docket No. 34, Defs. Atty. Decl. Ex. B). Plaintiff, according to the address he reported, resides in another district at the far end of this state from this District. Defense counsel wrote to plaintiff on February 17, 2012, to attempt to set up plaintiff's deposition (id. ¶ 16). Absent that deposition, defendants have a difficult time defending plaintiff's claims. Defense counsel needs to learn the circumstances leading to the alleged use of force, the extent of plaintiff's claimed physical injuries, and what plaintiff was told by defendants when he requested medical attention.

As for the fourth factor, balancing the Court's calendar and plaintiff's right to his day in court, plaintiff has not indicated that he intends to pursue the matter by not contacting this Court (or defense counsel).

As for the fifth factor, the availability of other sanctions, imposing costs or other sanction for plaintiff's failure to appear may be futile. Such an imposition would merely require defendants to seek to recover costs from a plaintiff allowed to proceed in forma pauperis (cf. Docket No. 35, Defs. Memo. at 5) and residing (so far as is known) at the other end of this state. A sanction of defendants' costs in appearing at the March 21, 2012, status conference or other incurred expenses again may be futile given plaintiff's stated poverty and that defendants are represented by the New York State Attorney General's office.

Looking at the record as a whole in this case, see Drake, supra, 375 F.3d at 254, 258, **dismissal is appropriate here**. Plaintiff's prolonged failure to communicate with this Court or his opponents and plaintiff's later failure to appear following his release from state custody shows his intention not to pursue his claims. A lesser, monetary sanction may just postpone the inevitable dismissal for failure to prosecute if plaintiff's intent is not to pursue this action.

This case is similar Ruzsa, supra, 520 F.3d 176. There, the United States District Court for the District of Connecticut ordered a pro se plaintiff to file an Amended Complaint by March 31, 2006, but plaintiff did not respond at all. On October 26, 2006, the Clerk of Court entered a Notice to Counsel, that (pursuant to local rule) the case would be dismissed unless a satisfactory explanation why it should not be was given by November 26, 2006. Plaintiff again failed to respond and the case was dismissed by this procedural device on December 4, 2006. Id. at 177. After reviewing the five factors discussed above, the Second Circuit affirmed the dismissal of Ruzsa's case, id. at 177-78.

As with Ruzsa, id. at 178, plaintiff here had "ample opportunity to pursue his claim[s]" before this Court but "chose not to do so." As a result of plaintiff's failure to communicate with the Court since October 2011 and with defense counsel since November 2011 (or at all since his release) and failure to appear at status conference warrants dismissal of this case.

## CONCLUSION

For the reasons stated above, and plaintiff's failure to respond to this motion or otherwise contact the Court to indicate that he has any interest in prosecuting this action, defendants' motion to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (Docket No. 33) is **granted**. The Court Clerk is directed to close this case.

Given that plaintiff has proceed <u>in forma pauperis</u>, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied, <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

      So Ordered.

                                                      /s/ Hugh B. Scott
                                           Honorable Hugh B. Scott
                                           United States Magistrate Judge

Dated: Buffalo, New York
       May 14, 2012